108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee Anthony REYNOLDS, Petitioner-Appellant,
v.
James GOMEZ, Department of Corrections; Theo White,
Respondents-Appellees.
 No. 96-15729.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1997.
Decided Feb. 20, 1997.
 
 Before: GOODWIN, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lee Anthony Reynolds appeals the district court's denial of his § 2254 habeas petition. Reynolds claims he was denied a fair trial because his co-defendant was shackled during various portions of the trial. Reynolds also claims that identification evidence was impermissibly admitted, that details of a prior robbery conviction were impermissibly admitted, and that an omission in the jury instructions rendered them constitutionally inadequate.
 
 
 3
 We remand Reynolds' shackling claim to the district court, and affirm the district court on all other issues.
 
 DISCUSSION
 
 4
 We review the district court's decision to deny a section 2254 habeas petition de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 588 (1996).
 
 I. The Shackling of Logan
 
 5
 Reynolds claims that the fact his codefendant, Anthony Logan, was impermissibly shackled prejudiced his own right to fair trial because the theory of Reynolds' guilt depended on the guilt of his codefendant. Reynolds' association to the crime came primarily from the fact that he was arrested with Logan, whom witnesses of the robbery identified, in a car roughly matching the description of the getaway vehicle. Little or no evidence connected Reynolds to the scene independently. Thus, the theory of Reynolds' guilt for the gas station robbery substantially depended upon a finding that Logan was guilty of the gas station robbery.
 
 
 6
 The principal interest protected by the proscription against unnecessary shackling is the presumption of innocence. Spain v. Rushen, 883 F.2d 712, 721 (9th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 2208 (1990); see Holbrook v. Flynn, 475 U.S. 560, 569, 106 S.Ct. 1340, 1346, 89 L.Ed.2d 525 (1986). Damage to Logan's presumption of innocence, therefore, had the potential to create a denial of Reynolds' right to a fair trial.
 
 
 7
 A previous Memorandum Decision from another panel of this Court remanded the issue of Logan's shackling to the district court for a show cause hearing on why the habeas petition should not be granted. Those proceedings are now pending in the district court.
 
 
 8
 This presents us with an unusual procedural situation. Regardless of how we decide the shackling issue as applied to Reynolds, we risk the possibility of inconsistent results. Thus, although both parties have urged us at oral argument not to do so, we believe the only appropriate action is to remand Reynold's shackling claim to the district court for consideration along with Logan's claim. Judicial economy and consistency require joint consideration and resolution of these claims.
 
 II. The In-Court Identification
 
 9
 In the Mai's Market robbery, Reynolds was identified as the robber by the clerk who had handed over the money at gunpoint. Reynolds argues that part of the identification process used was so suggestive as to violate due process.
 
 
 10
 We must first examine whether the procedure was unduly suggestive and unnecessary. United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986). "Should [a court] find a pretrial procedure impermissible suggestive, automatic exclusion of identification testimony is not required." Id. "If under a totality of the circumstances the identification is sufficiently reliable, identification testimony may properly be allowed into evidence even if the identification was made pursuant to an unnecessarily suggestive procedure." Id.
 
 
 11
 It is true that Smith's identification of Reynolds was never a model of surety. Nor did he ever so maintain before the jury, however. The identification proceedings were held in open court and fully documented. Reynolds had his attorney with him. Smith was extensively cross-examined. Smith's initial failure to identify Reynolds was a part of the record, as was each step of the identification process, and was available to bring before the jury to allow them to assess the credibility Smith's identification was due. The trial court held a hearing to determine whether the identification violated due process and found it did not.
 
 
 12
 We find that under a totality of the circumstances, enough safeguards and precautions were taken such that Smith's rather weak identification of Reynolds did not violate Reynolds' due process rights and was appropriately treated as evidence for the jury to evaluate. As the Supreme Court has observed, it is juries' role to evaluate evidence, even identification evidence. "While identification testimony is significant evidence, such testimony is still only evidence, and unlike the presence of counsel, is not a factor that goes to the very heart--the integrity--of the adversary process." Watkins v. Sowders, 449 U.S. 341, 348, 101 S.Ct. 654, 658, 66 L.Ed.2d 549 (1981) (quotations omitted). "[T]he proper evaluation of evidence ... is the very task our system must assume juries can perform." Id. at 347, 101 S.Ct. at 658.
 
 III. Details of the Prior Conviction
 
 13
 Reynolds testified at trial. As part of his testimony, he admitted that he had been convicted of armed robbery in 1983 at the age of seventeen. He contends that the State improperly cross-examined him about the details of this conviction.
 
 
 14
 On appeal, we examine whether the evidence was "relevant for a fact of consequence or was only evidence of character offered to show propensity" and also whether the "erroneously admitted evidence was 'of such quality as necessarily prevents a fair trial.' " McKinney v. Rees, 993 F.2d 1378, 1381, 1384 (9th Cir.1993) (quoting Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir.1986), cert. denied, 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987) (further internal quotations omitted)), cert. denied, 510 U.S. 1020, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993).
 
 
 15
 We do not find merit in Reynolds' claim because the details of the robbery elicited were not significantly more prejudicial than the admission of the conviction for armed robbery itself, which Reynolds does not challenge.
 
 
 16
 Old Chief v. United States, 1997 WL 3230 (January 7, 1997), is not to the contrary. Old Chief 's holding pertains to the admission of the name and nature of the previous crime which is not at issue here because the admission of this information is not challenged by Reynolds. Additionally, Old Chief explicitly limits its holding to proof of felon status cases: "While our discussion has been general because of the general wording of Rule 403, our holding is limited to cases involving proof of felon status." Id. at * 6 n. 7.
 
 IV. Jury Instructions
 
 17
 The jury was instructed on the elements of "aiding and abetting" and on the elements of "accessory." However, the jury was not instructed on the point at which the robbery should be deemed ended, which is an important point for distinguishing between the aiding and abetting and accessory charges. However, Reynolds failed to request an instruction on when the commission of the robbery ended or to object to the given instructions.
 
 
 18
 A habeas petitioner has a heavy burden when the error alleged is a jury instruction which the petitioner did not request. Thompson v. Calderon, 86 F.3d 1509, 1524 (9th Cir.1996). We utilize the harmless error standard to evaluate the claim of incomplete jury instructions. California v. Roy, --- U.S. ----, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996). To prevail, Reynolds must demonstrate that the error had substantial and injurious effect or influence in determining the jury's verdict. Id. at ----, 117 S.Ct. at 338.
 
 
 19
 Reynolds does not meet this standard because the accessory theory was not developed or relied upon by Reynolds. The State's theory was that Reynolds was an accomplice rather than an accessory and argued accordingly. The accessory instruction was given upon Reynolds' request. Reynolds did not argue to the jury that he and Logan had reached a place of safety and thus at most Reynolds was an accomplice. Reynolds' defense was that he was not present at all during the robbery events. Finally, Reynolds did not establish that a place of safety had been reached. Although the Logan and Reynolds apparently did stop long enough to exchange positions in the car, to divide up the money, and for Logan to take off his jacket, the arrest was made only 20 to 40 minutes after the robbery. Therefore, Reynolds has failed to demonstrate substantial and injurious effect from the omission in the jury instruction.
 
 
 20
 Contrary to Reynolds' argument, the failure to instruct on the end to the commission of the crime did not shift the burden of proof of an element of the crime. The State still had the burden of proving that Reynolds developed the requisite level of intent during the commission of the crime. The fact that the jury may have understood the commission of the crime to be a longer period than it actually was did not shift any burden of proof about intent to Reynolds.
 
 CONCLUSION
 
 21
 We affirm all of the district court's rulings except for the issue of the effect of Logan's shackling on Reynold's right to a fair trial. Because resolution of this issue depends in great part on the district court's resolution of the companion Logan case, we remand it for consolidated consideration. We do not reach any of the substantive issues raised in connection with Logan's shackling, but remand them for consideration in light of the district court's ultimate resolution of the companion case.
 
 
 22
 The district court judgment is vacated and remanded for proceedings consistent with this decision.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3