# CALIFORNIA ET AL. *v.* ROY

No. 95–2025. Decided November 4, 1996

PER CURIAM.

A California court convicted respondent Kenneth Roy of the robbery and first-degree murder of Archie Mannix. The State's theory, insofar as is relevant here, was that Roy, coming to the aid of a confederate who was trying to rob Mannix, helped the confederate kill Mannix. The trial judge gave the jury an instruction that permitted it to convict Roy of first-degree murder as long as it concluded that (among other things) Roy, "with knowledge of" the confederate's "unlawful purpose" (robbery), had helped the confederate, *i. e.*, had "aid[ed]," "promote[d]," "encourage[d]," or "instigate[d]" by "act or advice . . . the commission of" the confederate's crime. The California Supreme Court later held in *People* v. *Beeman*, 35 Cal. 3d 547, 561, 674 P. 2d 1318, 1326 (1984), that an identical instruction was erroneous because of what it did not say, namely, that state law also required the jury to find that Roy had the "knowledge [and] *intent or purpose* of committing, encouraging, or facilitating" the confederate's crime. *Id.*, at 561, 674 P. 2d, at 1326 (emphasis added). Despite this error, the California Court of Appeal affirmed Roy's conviction because it found the error "harmless beyond a reasonable doubt." See *Chapman* v. *California*, 386 U. S. 18, 24 (1967). The California Supreme Court denied postconviction relief.

Subsequently Roy, pointing to the same instructional error, asked a Federal District Court to issue a writ of habeas corpus. The District Court denied the request because, in its view, the error was harmless. Indeed, the District Court wrote that no rational juror could have found that Roy knew the confederate's purpose and helped him but also found that Roy did not *intend* to help him. A divided

4

Ninth Circuit panel affirmed. *Roy* v. *Gomez*, 55 F. 3d 1483 (1995).

The Ninth Circuit later heard the case en banc and reversed the District Court. It held that the instructional error was not harmless. 81 F. 3d 863 (1996). In doing so, the majority applied a special "harmless error" standard, which it believed combined aspects of our decisions in *Carella* v. *California*, 491 U. S. 263 (1989) *(per curiam)*, and *O'Neal* v. *McAninch*, 513 U. S. 432 (1995). The Ninth Circuit described the standard as follows:

> "[T]he omission is harmless only if review of the facts found by the jury establishes that the jury *necessarily* found the omitted element." 81 F. 3d, at 867 (emphasis in original).

As we understand that statement in context, it meant:

> "[T]he omission [of the 'intent' part of the instruction] is harmless only if review of the facts found by the jury [namely, assistance and knowledge] establishes that the jury *necessarily* found the omitted element [namely, 'intent']." *Ibid.*

The State of California, seeking certiorari, argues that this definition of "harmless error" is far too strict and that this Court's decisions require application of a significantly less strict "harmless error" standard in cases on collateral review. See *Brecht* v. *Abrahamson*, 507 U. S. 619 (1993); *O'Neal, supra.*

We believe that the State, and the dissenting judges in the Ninth Circuit, are correct about the proper standard. The Ninth Circuit majority drew its special standard primarily from a concurring opinion in *Carella, supra,* a case that dealt with legal presumptions. The concurrence in that case set out the views of several Justices about the proper way to determine whether an error in respect to the use of a presumption was "harmless." Subsequent to *Carella,* however, this Court held that a federal court reviewing a state-court

determination in a habeas corpus proceeding ordinarily should apply the "harmless error" standard that the Court had previously enunciated in *Kotteakos* v. *United States*, 328 U. S. 750 (1946), namely, "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht, supra,* at 637 (citing *Kotteakos, supra,* at 776). The Court recognized that the *Kotteakos* standard did not apply to "'structural defects in the constitution of the trial mechanism, which defy analysis by "harmless-error" standards,'" 507 U. S., at 629, but held that the *Kotteakos* standard did apply to habeas review of what the Court called "trial errors," including errors in respect to which the Constitution requires state courts to apply a stricter, *Chapman*-type standard of "harmless error" when they review a conviction directly. 507 U. S., at 638. In *O'Neal, supra,* this Court added that where a judge, in a habeas proceeding, applying this standard of harmless error, "is in grave doubt as to the harmlessness of an error," the habeas "petitioner must win." *Id.,* at 437.

The case before us is a case for application of the "harmless error" standard as enunciated in *Brecht* and *O'Neal.* This Court has written that "constitutional error" of the sort at issue in *Carella* is a "trial error," not a "structural error," and that it is subject to "harmless error" analysis. *Arizona* v. *Fulminante,* 499 U. S. 279, 306–307 (1991). The state courts in this case applied harmless-error analysis of the strict variety, and they found the error "harmless beyond a reasonable doubt." *Chapman, supra,* at 24. The specific error at issue here—an error in the instruction that defined the crime—is, as the Ninth Circuit itself recognized, as easily characterized as a "misdescription of an element" of the crime, as it is characterized as an error of "omission." 81 F. 3d, at 867, n. 4. No one claims that the error at issue here is of the "structural" sort that "'def[ies] analysis by "harmless error" standards.'" *Brecht, supra,* at 629. The analysis advanced by the Ninth Circuit, while certainly con-

sistent with the concurring opinion in *Carella,* does not, in our view, overcome the holding of *Brecht,* followed in *O'Neal,* that for reasons related to the special function of habeas courts, those courts must review such error (error that may require strict review of the *Chapman*-type on direct appeal) under the *Kotteakos* standard. Thus, we are convinced that the "harmless error" standards enunciated in *Brecht* and *O'Neal* should apply to the "trial error" before us as enunciated in those opinions and without the Ninth Circuit's modification.

For these reasons, we grant respondent's motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari, vacate the Ninth Circuit's determination, and remand for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE SCALIA, with whom JUSTICE GINSBURG joins as to Part I, concurring.

I

I agree with what the Court decides in its *per curiam* opinion: that the *Brecht-O'Neal* standard for reversal of the conviction ("grave doubt as to the harmlessness of the error"), see *Brecht* v. *Abrahamson,* 507 U. S. 619 (1993), and *O'Neal* v. *McAninch,* 513 U. S. 432 (1995), rather than the more stringent *Chapman* standard (inability to find the error "harmless beyond a reasonable doubt"), see *Chapman* v. *California,* 386 U. S. 18 (1967), applies to the error in this case when it is presented, not on direct appeal, but as grounds for habeas corpus relief. The Ninth Circuit did not apply that more deferential standard, and I therefore concur in the remand.

I do not understand the opinion, however, to address the question of what *constitutes* the harmlessness to which this more deferential standard is applied—and on that point the Ninth Circuit was quite correct. As we held in *Sullivan*

v. *Louisiana,* 508 U. S. 275 (1993), a criminal defendant is constitutionally entitled to a *jury verdict* that he is guilty of the crime, and absent such a verdict the conviction must be reversed, "no matter how inescapable the findings to support that verdict might be." *Id.,* at 279. A jury verdict that he is guilty of the crime means, of course, a verdict that he is guilty of *each necessary element* of the crime. *United States* v. *Gaudin,* 515 U. S. 506, 522–523 (1995). Formally, at least, such a verdict did not exist here: The jury was never asked to determine that Roy had the "intent or purpose of committing, encouraging, or facilitating" his confederate's crime. *People* v. *Beeman,* 35 Cal. 3d 547, 561, 674 P. 2d 1318, 1326 (1984).

The absence of a formal verdict on this point cannot be rendered harmless by the fact that, given the evidence, no reasonable jury would have found otherwise. To allow the error to be cured in that fashion would be to dispense with trial by jury. "The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action, or else directed verdicts for the State would be sustainable on appeal; it requires an actual jury finding of guilty." *Sullivan, supra,* at 280. The error in the present case can be harmless only if the jury verdict on other points effectively embraces this one or if it is impossible, upon the evidence, to have found what the verdict *did* find without finding this point as well. See *Carella* v. *California,* 491 U. S. 263, 271 (1989) (SCALIA, J., concurring). I concur in the remand so that the Ninth Circuit may determine whether there is "grave doubt" that this is so, rather than (what it did) determine whether it is impossible to "be certain" that this is so, 81 F. 3d 863, 867 (1996). Elsewhere in its opinion, the Ninth Circuit purported to be applying the *O'Neal* standard, stating that "[w]hen the reviewing court is unable to conclude the jury necessarily found an element that was omitted from the instructions," it "can only be 'in grave doubt as to the harmlessness of the error,'" 81 F. 3d, at 868 (quoting *O'Neal*

v. *McAninch, supra,* at 437). That seems to me to impart to the determination a black-and-white character which it does not possess, any more than other determinations possess it. It can be "the better view," but far from "certain," that, given the facts in the record, no juror could find $x$ without also finding $y$. What *O'Neal* means is that, when the point is arguable, the State's determination of harmless error must be sustained.

## II

One final point: I write as I have written only because the Court has rejected the traditional view of habeas corpus relief as discretionary. See *Withrow* v. *Williams,* 507 U. S. 680, 720 (1993) (SCALIA, J., concurring in part and dissenting in part). But for that precedent, I would be content to grant federal habeas relief for this sort of state-court error only when there has been no opportunity to litigate it before, or when there is substantial doubt, on the facts, whether the defendant was guilty. See *ibid.*