145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Jean SHUMWAY, Petitioner-Appellant,
v.
STATE of Washington; Chase Riveland, Respondents-Appellees.
 No. 97-35648.
D.C. No. CV 96-00934-JCC.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1998.
Decided May 19, 1998.
 
 1
 Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.
 
 
 2
 Before THOMPSON, TASHIMA, Circuit Judges, and STAGG, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Jimmie Jean Shumway (Shumway), a Washington state prisoner, appeals from the district court's summary judgment denial of her habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 Shumway and her daughter, Alexis Shumway (Alexis), were both convicted of first degree murder of Suzine Van Sickle, Shumway's mother and Alexis's grandmother. Although Shumway confessed to the murder, she contends her constitutional rights were violated due to a faulty jury instruction and the improper use of Alexis's confession against her during trial. Shumway further contends her counsel provided ineffective assistance by failing to object to the introduction of bad character evidence.
 
 A. Jury Instruction
 
 6
 Shumway argues that the "to convict" jury instruction was erroneous and constituted structural error requiring reversal. This claim appears to be unexhausted. Although Shumway argued before the state court that the instruction was erroneous, she did not argue it was structural error.
 
 
 7
 Even if Shumway properly exhausted this claim, however, it fails on the merits.[1] The erroneous jury instruction does not constitute structural error. Sullivan v. Louisiana, 508 U.S. 275, 281, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993); Arizona v. Fulminante, 499 U.S. 279, 308-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The district court properly applied harmless error analysis. See California v. Roy, 519 U.S. 2, 117 S.Ct. 337, 339, 136 L.Ed.2d 266 (1997) (holding harmless error analysis should be applied to an erroneous aiding and abetting jury instruction).
 
 
 8
 As the district court noted the evidence against Shumway was "overwhelming." Her redacted confession established all of the elements of murder. She stated that she did research on Dilantin and found that it could be used to end her mother's life. She "decided to grind up the medication (the tablets) in a blender with the clam chowder." She admitted to feeding the clam chowder to her mother. She further admitted that she "placed a pillow over her [mother's] head" in order to kill her. In light of the substantial evidence of guilt, the error was harmless. The error did not have a substantial and injurious effect or influence on the jury verdict. See Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).
 
 B. Confrontation Clause
 
 9
 Shumway argues that her Sixth Amendment right to confront the witnesses against her was violated when the prosecutor referred to Alexis's confession during closing argument. She also contends her confrontation rights were violated by the admission of Alexis's confession at their joint trial.
 
 
 10
 Shumway's confrontation clause claim predicated on the prosecutor's closing argument is unexhausted because she did not present this claim in state court. However, both this claim and her claim predicated on the admission of Alexis's confession into evidence fail on the merits.
 
 
 11
 Federal habeas review of prosecutorial misconduct is limited to whether the prosecutor's conduct violated due process. Thompson v. Borg, 74 F.3d 1571, 1576 (9th Cir.), cert. denied, Thompson v. White, --- U.S. ----, 117 S.Ct. 227, 136 L.Ed.2d 159 (1996). We conclude that the prosecutor's statements did not violate due process. All of the statements in which the prosecutor referred to the codefendants as a "unit" were based upon both confessions. The prosecutor never asked the jury to use Alexis's confession against Shumway. The prosecutor's remarks when viewed in the context of the entire trial do not violate Shumway's constitutional rights.
 
 
 12
 Next, Shumway argues that Alexis's redacted confession made inculpatory references to her. A defendant is deprived of her Sixth Amendment right to confront the witnesses against her when a nontestifying codefendant's out of court confession is introduced during a joint trial. Bruton v. United States, 391 U.S. 123, 137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, a defendant's redacted confession that omits all reference to her codefendant accompanied by a proper limiting instruction does not violate the Confrontation Clause. Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Redacted confessions that replace a proper name with an obvious blank, a symbol, or the word "deleted" so closely resemble an unredacted statement that they fall within Bruton's protective rule. Gray v. Maryland, --- U.S. ----, ----, 118 S.Ct. 1151, 1155, --- L.Ed.2d ----, ---- (1998).
 
 
 13
 Alexis's redacted confession does not violate Bruton or Gray. Alexis's confession was properly redacted to remove any references to Shumway's participation in the murder. Further, the confession does not contain any blank spaces or symbols that would have led the jury to link Alexis's statements to Shumway. Finally, the court provided an appropriate limiting instruction to the jury.
 
 C. Ineffective Assistance
 
 14
 Shumway argues that her counsel provided ineffective assistance by failing to object to the introduction of the "bad daughter" evidence.
 
 
 15
 To prevail on a claim of ineffective assistance of counsel, petitioner must show that her counsel's performance was deficient and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U .S. at 689. A reviewing court need not address both prongs under Strickland if an insufficient showing is made under one prong. Id. at 697.
 
 
 16
 We need not consider whether counsel's performance was deficient, because Shumway cannot demonstrate prejudice. She confessed to the murder of her mother. In her redacted confession which was presented to the jury, she stated that she ground up Dilantin in a blender, added it to clam chowder, and fed the chowder to her mother. She further stated that when she later heard her mother moaning, she placed a pillow over her head to suffocate her. The "bad daughter" evidence may have made Shumway appear less sympathetic, but given her confession and her daughter's nearly identical confession, it is not reasonably probable that the outcome of the trial would have been different. See id.
 
 
 17
 AFFIRMED.
 
 
 
 **
 Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The failure to exhaust state remedies does not deprive appellate courts of jurisdiction. Paradis v. Arave, 130 F.3d 385, 390 (9th Cir.1997); 28 U.S.C. § 2254(b)(2)