**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHAD WAYNE COGHAN,

    Petitioner-Appellant,

v.

LENORA JORDAN,

    Respondent-Appellee.

No. 99-6189

(D.C. No. 98-CV-757-T)
(W.D.Okla.)

## ORDER AND JUDGMENT *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Chad Wayne Coghan seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 motion. We deny a certificate of appealability and dismiss the appeal.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In April 1996, Coghan was convicted in Oklahoma state court of second degree murder for the death of Jodi Lynch, and he was sentenced to fifty years in prison. He appealed his conviction, arguing: (1) the trial court erred in refusing to admit hearsay statements of Lynch's child; (2) the court erred in admitting evidence that Coghan and Lynch used "O.J." and "Nichole" as nicknames; (3) there was insufficient evidence to convict him of second degree murder; and (4) his sentence was excessive. The Oklahoma Court of Criminal Appeals summarily affirmed his conviction.

Coghan filed a state habeas petition in September 1997, alleging (1) the trial court lacked subject matter jurisdiction; (2) the court erred in admitting prejudicial testimony without proper foundation; (3) the court failed to instruct the jury on the material elements of second degree murder; (4) the court gave an erroneous self defense jury instruction; (5) the court failed to instruct the jury on second degree manslaughter; and (6) he received ineffective assistance of appellate counsel. The court denied relief. After a remand for factual findings, the Oklahoma Court of Criminal Appeals affirmed denial of relief.

Coghan filed his federal habeas petition in June 1998, alleging (1) the trial court erred in refusing to admit hearsay statements of Lynch's child; (2) the court erred in admitting evidence that Coghan and Lynch used "O.J." and "Nicole" as nicknames; (3) the court lacked subject matter jurisdiction; (4) the court erred in

admitting prejudicial testimony without proper foundation; (5) the court failed to instruct the jury on the material elements of second degree murder; (6) the court gave an erroneous self defense jury instruction; (7) the court failed to instruct the jury on second degree manslaughter; and (8) his sentence was excessive. Over Coghan's objections, the district court adopted the magistrate's report and recommendation and denied relief.

I.

Coghan argues the magistrate erred in finding the statements of Lynch's four-year-old son did not fall under the excited utterance hearsay exception. Coghan asserts exclusion of this testimony deprived him of his constitutional right to obtain witnesses in his favor. To justify habeas relief for an erroneous evidentiary ruling, Coghan must demonstrate the trial court's evidentiary ruling rendered the trial "so fundamentally unfair as to constitute a denial of federal constitutional rights." Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998), cert. denied, 119 S. Ct. 1360 (1999) (internal quotation omitted).

The testimony showed the child was calmer and no longer in an excited state when he made the statement. The trial court properly found the statement did not qualify as an excited utterance for hearsay exception purposes. This ruling did not violate Coghan's constitutional right to present witnesses. Coghan proffered that the child would testify Lynch was hitting Coghan before he struck

-3-

the fatal blow. Coghan testified at trial that he was acting in self defense, thereby presenting his defense to the jury.

## II.

Coghan argues the trial court erred in admitting evidence that he wrote his name as "O.J. Coghan" on the envelope of a letter sent to Lynch. On cross-examination, Coghan testified he had not used a different name in his relationship with the victim. The trial court allowed the state to rebut by using the envelope. Coghan testified the name was a joke between Lynch and him. The court admitted the evidence as going "to show his mental intent as to their relationship." State Transcript II at 106. Coghan asserts admission of this evidence violated his constitutional right to an impartial jury.

Even if the court improperly admitted the evidence, its admission did not render the trial fundamentally unfair. The testimony was introduced in response to Coghan's denial of use of a different name in his relationship with Lynch and was limited in duration. There was no testimony concerning the O.J. Simpson case or how it might relate to Coghan.

## III.

Coghan's allegation that the trial court lacked subject matter jurisdiction because the information was defective is without merit. See Hall v. State , 312 P.2d 981, 984 (Okla. Crim. App. 1957) (introductory paragraph of information is

-4-

ordinarily equivalent to mere descriptive label; incorrect name given to crime in introductory paragraph of information is merely an irregularity; court determines character of offense by considering language in the charging part of information).

IV.

The magistrate found Coghan was barred from arguing lack of foundation for evidence, failure to instruct on all material elements of the crime, erroneous self defense jury instruction, and failure to instruct the jury on second degree manslaughter because he failed to raise the issues in his direct appeal. In Coghan's state habeas case, the court found he waived the issues by not raising them on direct appeal. We do not review a question of federal law decided by a state court if the decision rested on a state law ground independent of the federal question and was adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). The state court's refusal to address Coghan's federal claims because he failed to meet a state procedural requirement constitutes an independent and adequate state procedural ground. See id. at 729-30.

Habeas review of these issues is precluded unless Coghan "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994) (internal quotation omitted). Coghan argues he is entitled to

relief on these issues because he received ineffective assistance of appellate counsel. Coghan did not raise the ineffective assistance of counsel claim in his § 2254 petition and on appeal he does not allege how his counsel was ineffective. We will not consider this claim for the first time on appeal.

Coghan does enunciate an argument concerning the jury instruction on the elements of second degree murder. On habeas review, we consider claims of constitutional errors in jury instructions de novo. See Esquibel v. Rice, 13 F.3d 1430, 1431 (10th Cir. 1994). An error in describing an element of the crime is a trial error, not a structural error, making the error subject to harmless error analysis. California v. Roy, 519 U.S. 2, 5 (1996). The error must have a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Coghan does not identify which element the State failed to prove, but again relies on his newly asserted ineffective assistance of counsel claim. We find no error.

V.

Coghan argues his sentence was excessive because the issues he raised show a grossly unfair trial that shocks the conscience. We disagree. Coghan has shown no violation of his constitution rights.

VI.

-6-

We DENY Coghan's motion to proceed on appeal in forma pauperis as moot because he has paid the filing fee. We DENY a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge