**Frank AGUIAR, Petitioner–Appellant,**

v.

**Calvin A. TERHUNE, Director of CDC; Diane Butler, Warden, Respondents–Appellees.**

**No. 02–55158.**

**D.C. No. CV–00–00532–VAP.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided July 2, 2003.

---

* The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

3. *Id.*

4. *Id.*

5. *See Karis v. Calderon,* 283 F.3d 1117, 1128–29 (9th Cir.2002).

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM*

Petitioner Frank Aguiar was convicted of conspiracy to commit assault by means of great bodily force and second degree murder under the "natural and probable consequences" doctrine. Aguiar seeks habeas relief based upon the district court's failure to instruct on the definition of assault; Aguiar also argues insufficient evidence existed to prove beyond a reasonable doubt that the murder of Roger Gonzalez was the natural and probable consequence of the assault in which Aguiar participated.

This Court reviews the district court's denial of a 28 U.S.C. § 2254 habeas petition *de novo*. *Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may be granted to a person in state custody only if the asserted constitutional error "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Early v. Packer*, 537 U.S. 3, 123 S.Ct. 362, 364, 154 L.Ed.2d 263 (2002). A person

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

may also be granted relief if the asserted constitutional error "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(2). Aguiar has failed to show that relief may be granted under AEDPA. Accordingly, we affirm.

Aguiar argues that the failure to instruct on the definition of assault violated his due process rights because it could have allowed the jury to convict him of conspiracy to commit tortious assault rather than criminal assault. The trial court's omission of the definition of assault in the jury instructions is reviewed to see "whether, under the instructions as a whole and given the evidence in the case, the failure to give the requested instruction rendered the trial so fundamentally unfair as to violate federal due process." *Duckett v. Godinez,* 67 F.3d 734, 746 (9th Cir.1995). Trial errors, such as erroneous jury instructions, may be harmless if the error did not have a substantial and injurious effect on the jury's verdict. *California v. Roy,* 519 U.S. 2, 4–5, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996).

■ Under the instructions as a whole and in light of the evidence in this case, it is implausible that the jury convicted Aguiar of merely intending to frighten the victim rather than cause him bodily injury. The jury instructions repeatedly require finding that the assault was committed with a deadly weapon or by means of force intended to produce great bodily injury, defining both deadly weapon and great bodily injury. We agree with the district court that the jury could not have found Aguiar guilty of the conspiracy charge without finding that Aguiar intended to subject the victim to physical force, rather than mere intimidation. *See Tapia v. Roe,* 189 F.3d 1052, 1056–7 (9th Cir.1999) (hold-

ing omission of element harmless where jury necessarily found equivalent of missing element in reaching the verdict). The instructions as a whole comport with the California state law requirement that a trial court identify and describe the target crimes the defendant might have assisted or encouraged when the prosecutor relies on the natural and probable consequences doctrine. *See People v. Prettyman,* 14 Cal.4th 248, 254, 58 Cal.Rptr.2d 827, 926 P.2d 1013 (Cal.1996).

Aguiar argues that the evidence was insufficient to prove Gonzalez's death was a natural and probable consequence of Aguiar's actions. In accordance with clearly established federal law, we review challenges to the sufficiency of the evidence under the standard articulated in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original).

■ While Aguiar presented a conflicting and compelling version of events, we must defer to the trier of fact's "presumed resolution of conflicting inferences most favorably to the prosecution." *Payne v. Borg,* 982 F.2d 335, 339 (9th Cir.1992), *as amended on denial of reh'g* (Mar. 3, 1993). Under this standard of deference, there is sufficient evidence that murder was the natural and probable consequence of the assault Aguiar conspired to commit. Under the impression that the victim was a member of rival gang Pico Gardens, Aguiar bumped the back of the victim's car; seeking safety, Aguiar drove back to Evergreen Alley. The prosecution presented evidence that Aguiar knew of the violent rivalry between Pico Gardens and the Evergreen Boys and that Aguiar told the Evergreen gang members that the victim

was from "Pico" immediately before the assault. Evidence was also presented indicating that Aguiar blocked the victim's escape path, illuminated the fight scene with his headlights, and bumped the victim's car as it drove away, with the fatally-injured victim clinging to the car's hood. While Aguiar's version of events is also plausible, this Court is required to deny habeas relief if any rational trier of fact could have been persuaded by the prosecution's case. *See Payne,* 982 F.2d at 339.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts