**Michael Reed DORROUGH, Petitioner—Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden, Respondent—Appellee.**

No. 02–55951.

D.C. No. CV–97–01534–SVW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 2004.

Decided Feb. 17, 2004.

---

Sung B. Park, Van Nuys, CA, Michael Reed Dorrough, pro se, Tehachapi, CA, for Petitioner–Appellant.

Robert F. Katz, Margaret E. Maxwell, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before FRIEDMAN,* TROTT, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

It is undisputed that the trial court gave an erroneous aiding and abetting instruction during Dorrough's trial for first-degree murder. However, "due process—independent of state law—does not require that an aiding and abetting charge contain a distinct instruction regarding specific intent." *Willard v. California*, 812 F.2d 461, 463 (9th Cir.1987). "Where ... there is ample evidence that the defendant associated himself with and participated in the criminal venture, the failure to give a distinct instruction regarding specific intent does not offend federal due process." *Id.* at 463–464.

Dorrough's murder conviction necessarily involved proof of the element of intent that was mistakenly omitted from the aiding and abetting instruction. Indeed, the jury was explicitly told that it could not convict Dorrough of first-degree murder unless it found "a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation[.]" Thus, as the California Court of Appeal determined, "the element of intent omitted from the aiding and abetting instruction did not remove the issue from the jury, which, based on the evidence and other instructions given, necessarily found a specific intent on [Dorrough's] part to *commit the offense."*

Therefore, the Court of Appeal's determination that the error was harmless beyond a reasonable doubt[1] was neither contrary to, nor an unreasonable application of, federal law. *See Williams v. Taylor,* 529 U.S. 362, 413–414, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Despite Dorrough's claim to the contrary, this is not a case "where the record is so evenly balanced that a conscientious judge [would be] in grave doubt as to the harmlessness of an error." *O'Neal v. McAnich,* 513 U.S. 432, 437, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (citation omitted).

**AFFIRMED.**

---

\* Daniel M. Friedman, Senior Judge of the Court of Appeals for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The California Court of Appeal employed a more stringent standard than this Court utilizes when considering a defendant's request for habeas relief. On federal habeas review, the trial court's error is subject to the "substantial and injurious effect" test set out in *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *See California v. Roy,* 519 U.S. 2, 6, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996) (per curiam).