Richard Garrett TURAY, Petitioner—
Appellant,

v.

Mark SELING, Dr., Respondent—
Appellee.

No. 03–35094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 2004.

Decided Feb. 20, 2004.

Sheryl Gordon McCloud, Esq., Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Petitioner–Appellant.

Before: HUG, GRABER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Richard Turay has been civilly committed since 1991 as a sexually violent predator ("SVP") pursuant to Wash. Rev.Code §§ 71.09.010–.902. Turay's direct challenge to his confinement was denied by the Washington Supreme Court in *In re Detention of Turay*, 139 Wash.2d 379, 986 P.2d 790 (Wash.1999). He petitioned the district court for habeas relief, was denied, and now appeals to this court for relief on five grounds. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm the district court's denial of Turay's habeas petition, under the deferential standards for review established under AEDPA, 28 U.S.C. § 2254(d). We briefly address each ground of Turay's petition in the order he presents them.

The right to self-representation at civil commitment proceedings has not been clearly established by the U.S. Supreme Court. The decision of the Washington Supreme Court here was not contrary to clearly established federal law. In addition, the state court noted the equivocal nature of Turay's requests for self-representation. *Detention of Turay*, 986 P.2d at 799–800. In light of Turay's alternative requests for particular attorneys to represent him, we cannot say that the state court's finding was an unreasonable determination of the facts.

The Washington Supreme Court ruled that the evidence of conditions that Turay sought to present was irrelevant to the jury's decision whether to commit him as an SVP. *Id.* at 803–04. That determination of relevance was not unreasonable. At the commitment trial, the jury's role was to determine whether Turay was an SVP, Wash. Rev.Code § 71.09.060(1), and if so, whether it was in his own and the public's interest that he be completely confined, or confined to a "less-restrictive alternative." *See Detention of Turay*, 986 P.2d at 803–04; *see also In re Brooks*, 145 Wash.2d 275, 36 P.3d 1034, 1044 (Wash. 2001). On the issue of whether Turay is an SVP, *where* he would serve his commitment is irrelevant. As for the placement decision, the primary issue to be resolved is whether an SVP should be totally or less-restrictively confined, rather than whether he will receive better treatment at one location or another.

■ Turay asserts a due process violation where the trial court permitted the government to present evidence about the details of his prior crimes, including testimony from the victims. The purpose of an SVP proceeding is "to assess the mental state of the alleged SVP, the nature of his or her sexual deviancy, and the likelihood that he or she will commit a crime involving sexual violence in the future." *Detention of Turay*, 986 P.2d at 802. These factors cannot be properly assessed by merely accepting Turay's stipulation to the fact of the prior convictions.

The Supreme Court has clearly established that, in civil commitment proceedings, "due process requires the state to justify confinement by proof more substantial than a mere preponderance of the evidence." *Addington v. Texas*, 441 U.S. 418, 427, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). The Court did not mandate the use of the "clear and convincing" standard,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

but found that standard constitutionally adequate. *Id.* at 433. Washington law provides for a "beyond a reasonable doubt" standard, which satisfies the federal constitutional requirement. Turay argues, however, that the instructions given the jury in his case combined the phrase "beyond a reasonable doubt" and the word "likely" in a way that could have confused the jury such that in practice they could have applied a "preponderance" standard that would not satisfy the federal constitutional requirement. The instructions were not literally inaccurate, and they may have satisfied due process by "inform[ing] the factfinder that the proof must be greater than the preponderance-of-the-evidence standard applicable to other categories of civil cases." *Id.*

Even if the instructions given in Turay's case were inadequate, however, Turay is entitled to habeas relief only if he can establish that the error had "substantial and injurious effect or influence in determining the jury's verdict." *California v. Roy,* 519 U.S. 2, 4–5, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996) (per curiam) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). In view of the extensive evidence of his criminal history and the minimal likelihood that the jury would have reached any different result with a different instruction, Turay is not entitled to habeas relief on this ground.

■ As to the claim that the Special Corrections Center provides constitutionally inadequate treatment and therefore his confinement violates due process and the Eighth Amendment, Turay would have us look not at the statute on its face, but as applied to him, in determining whether it is punitive. When another Washington SVP challenged the same statute, the Supreme Court specifically rejected such "as applied" arguments in the double jeopardy and ex post facto contexts. *Seling v. Young,* 531 U.S. 250, 263, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001). For the same reasons given by the Court there, "as applied" Eighth Amendment and due process challenges must also fail when brought as habeas grounds. Instead, as recognized by the Supreme Court in *Seling v. Young, id.* at 258, the Washington Supreme Court in *Detention of Turay,* 986 P.2d at 812, and the district court here, Turay's remedy for the allegedly unconstitutional conditions of his confinement is a § 1983 action, not total release from custody.[1] *See Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. A civil rights action, in contrast, is the proper method of challenging conditions of confinement.") (citation and internal quotation marks omitted).

**AFFIRMED.**

---

1. Turay's Motion to Take Judicial Notice is granted. The materials submitted with that motion indicate that Turay is, in fact, proceeding with a § 1983 action against the appellee.