**Theodore ROWE, Petitioner—Appellant,**

v.

**George ORTIZ, Respondent—Appellee.**

**No. 04–16357.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2007.*

Filed June 26, 2007.

Fay Arfa, Esq., Sacramento, CA, for Petitioner–Appellant.

Judy Kaida, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

294

Before: GOODWIN, BYBEE, and Milan D. Smith, Jr., Circuit Judges.

### MEMORANDUM **

Habeas relief is not warranted in this case, because Rowe fails to establish his sole contention—that the California Court of Appeal's decision constitutes an "unreasonable application of" clearly established federal law as determined by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 407–11, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

There is no dispute that the second jury instruction given at Rowe's trial was erroneous under *People v. Beeman,* 35 Cal.3d 547, 199 Cal.Rptr. 60, 674 P.2d 1318, 1326 (1984), because it omitted one element of the charged crime. However, because we must view this instruction "in the context of the overall charge" given to the jury, *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), we are persuaded that the California Court of Appeal did not err in determining that the jury instruction error was harmless beyond a reasonable doubt. *Neder v. United States,* 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *California v. Roy,* 519 U.S. 2, 4–5, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996). Considering in context the overall jury charge, which included the trial court's instruction under CALJIC 3.01 that properly advised the jury regarding the intent requirement, the trial court's explanation that "[m]ere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting," and the prosecutor's closing arguments, the California Court of Appeal did not reach an objectively unreasonable conclusion when it determined that no reasonable juror could have understood that conviction was warranted absent proof beyond a reasonable doubt that Rowe acted intentionally. Finally, Rowe has not overcome the "almost invariable assumption of the law that jurors follow their instructions." *Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). Because he has not, we view the jury's verdict rendered under the proper CALJIC 3.01 instruction as necessarily including a finding that Rowe acted with both knowledge of the planned robbery and "the intent or purpose of committing or encouraging or facilitating the commission of the crime."

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.