Bret Alan HAGENNO, Petitioner–Appellant,

v.

M. YARBOROUGH, Warden, Respondent–Appellee.

No. 05–56758.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 7, 2007.

** The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Bret Alan Hagenno, San Luis Obispo, CA, pro se.

Michael Tanaka, Esq., Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Erika D. Jackson, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM *

We review the district court's decision to deny Bret Alan Hagenno's 28 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 2254 habeas petition de novo. *See Leavitt v. Arave,* 383 F.3d 809, 815 (9th Cir. 2004) (per curiam). Because Hagenno filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) applies. *See Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, a federal court is permitted to grant habeas relief only if the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* —— U.S. ——, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007) (citing *Williams v. Taylor,* 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Hagenno argues that his habeas corpus petition should be granted because (1) he was entitled to receive a requested jury instruction on the lesser-included offense of involuntary manslaughter on the theory that he lacked intent to kill when he shot the victim in unreasonable self-defense, and (2) he was entitled to receive a requested jury instruction on excusable homicide on the theory that he shot the victim by accident while engaged in the performance of a lawful act.

"As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). The failure to provide adequate instructions on a defense theory of the case constitutes a denial of due process under the Fourteenth Amendment. *See Bradley v. Duncan,* 315 F.3d 1091, 1099 (9th Cir.2002); *Conde v. Henry,* 198 F.3d 734, 739 (9th Cir.1999). This is so because "the right to present a defense would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense." *Bradley,* 315 F.3d at 1099 (internal quotation marks omitted).

**1. Instructions on Involuntary Manslaughter**

At the time that Hagenno shot the victim, Rick Mendoza, California law established that a person who killed another in the honest but unreasonable belief in the necessity to defend against imminent peril to life could only be convicted of voluntary manslaughter if he or she had intent to kill. *See People v. Ceja,* 26 Cal.App.4th 78, 31 Cal.Rptr.2d 475, 479 (1994), *abrogated by People v. Blakeley,* 23 Cal.4th 82, 96 Cal.Rptr.2d 451, 999 P.2d 675, 680 (2000). Acting without intent to kill would reduce the crime to involuntary manslaughter. *See People v. Johnson,* 119 Cal.Rptr.2d 802, 98 Cal.App.4th 566, 576 (Cal.Ct.App. 2002).

 Hagenno's testimony at trial in some respects negated his intent to kill Mendoza, but the California Court of Appeal reasonably concluded that overall he did not present evidence sufficient to justify an involuntary manslaughter instruction. *See Mathews,* 485 U.S. at 66, 108 S.Ct. 883. Hagenno repeatedly characterized the shooting as a "reaction" and something he "never thought about." He also admitted, however, that only a few feet separated him from Mendoza at the time he fired the fatal shot, indicating that he must have purposefully pointed the gun at

Mendoza's chest and thus "acted decisively in order to kill or inflict great bodily injury." *People v. Hagenno,* 2d Crim. No. B138510, 2001 WL 1486786, at *2 (Cal.Ct. App. Nov.26, 2001). Although this testimony may not have proved Hagenno had the intent to kill, it did little to support a defense that he *lacked* such an intent. Accordingly, the court of appeal's conclusion that Hagenno raised no serious factual question concerning his intent to kill was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court of appeal's decision that he had not presented sufficient evidence such that a reasonable jury could have found in his favor is not contrary to, nor does it involve an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). The same is true with respect to the court's alternative holding that any error was harmless.

## 2. Instructions on Excusable Homicide

Under California law, the unintentional killing of another is excusable and not unlawful "[w]hen committed by accident and misfortune, or in doing any other lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent." Cal.Penal Code § 195(1). A homicide may be excusable if, for example, an individual drew a weapon in reasonable self-defense but fired it accidentally while trying to let down the hammer. *See People v. Thurmond,* 221 Cal.Rptr. 292, 175 Cal.App.3d 865, 871–72 (Cal.Ct.App.1985).

▮ We need not reach the question of whether Hagenno was entitled to a jury instruction on excusable homicide, however, because the court of appeal was not unreasonable in concluding that any trial

error concerning the failure to instruct on excusable homicide would be harmless. *See California v. Roy,* 519 U.S. 2, 5, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996) (per curiam). Hagenno fails to identify any lawful act that he was engaged in at the time of the shooting, other than the act of self-defense. Therefore, the jury could have found Hagenno's homicide excusable only if it agreed that Hagenno accidentally fired his weapon while it was drawn in a lawful act of self-defense. The jury, however, was instructed extensively on the theory of lawful self-defense and rejected this theory. Here, too, there was no AEDPA error. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

