**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID LEON,

        Petitioner - Appellee,

  v.

TOM FELKER, Warden,

        Respondent - Appellant.

No. 11-15350

D.C. No. 3:07-cv-03954-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted January 14, 2013
San Francisco, California

Before: WALLACE, FARRIS, and BYBEE, Circuit Judges.

The government appeals the district court's partial grant of California state

prisoner Leon's 28 U.S.C. § 2254 petition. Leon challenged his jury convictions

for second degree murder and discharging a firearm at an occupied motor vehicle,

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and the district court vacated his murder conviction. We have jurisdiction under 28 U.S.C. § 2253(a) and we reverse.

Leon was charged in state court with murder and shooting at an occupied vehicle. The jury was instructed on both first and second degree murder. For the second degree murder charge, the court told the jury that Leon could be convicted if they found that he unlawfully killed Hernandez with malice aforethought or during the commission of a felony inherently dangerous to life, specifically, shooting at an occupied vehicle. The jury convicted Leon of second degree murder and shooting at an occupied vehicle, but did not indicate on which theory its murder verdict rested.

Leon's direct appeals in state court were unsuccessful and his state habeas petitions were denied. The federal district court granted Leon's habeas petition and reversed his murder conviction. Its decision was based on its conclusion that the felony-murder instruction violated Leon's right to due process under the Fourteenth Amendment. The court found that California law, as it existed at the time of Leon's trial, established that the crime of shooting at an occupied vehicle merged with the homicide and could not be used for purposes of felony murder, meaning that the jury should not have been instructed on this invalid theory. According to the district court, this error was not harmless because the instructions

"may have had a substantial influence on the conviction and there is a reasonable probability that, but for the improper instructions, the result of the proceeding would have been different."

We review de novo the district court's decision to grant a petition for a writ of habeas corpus. *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011). To provide Leon with due process, the government was required to obtain a conviction by proving beyond a reasonable doubt the elements of murder under either the malice theory or the felony-murder theory. Leon argues that the jury should not have been instructed on felony-murder because the underlying felony that he committed, shooting at an occupied vehicle, should have merged with the homicide, making the felony-murder rule inapplicable. The California Supreme Court recognized in *People v. Chun* that prior to its decision–the period during which Leon was convicted–the "state of the law regarding merger [was] 'muddled.'" 45 Cal. 4th 1172, 1189 (2009). We do not reach the question of whether *Chun* established a new rule and applies retroactively or if it merely clarified the law as it existed at the time of Leon's trial.

The evidence of implied malice presented at trial was overwhelming, and even assuming the court's instruction on the felony-murder theory was error, this error was harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993);

3

*California v. Roy*, 519 U.S. 2, 4–5 (1996) (approving the harmless-error analysis used by the dissent in *Roy v. Gomez*, 81 F.3d 863 (9th Cir. 1996) (en banc) (Wallace, J. dissenting)). As the jury was instructed, implied malice can be found when: (1) the killing resulted from a deliberate act, (2) the natural consequences of the act are dangerous to human life, and (3) the act was deliberately performed with knowledge of the danger to and with conscious disregard for human life. *See* CAL. PENAL CODE § 188; *People v. Watson*, 30 Cal. 3d 290, 300 (1981). Leon admitted to having intentionally fired his handgun, at very close range, into the door of the car in which Hernandez was the passenger. The natural consequences of Leon's act were certainly dangerous to Hernandez's life and Leon must have disregarded this danger when he fired his pistol into the car. Leon's statement that he did not "want to shoot [Hernandez] in the head" does not negate the danger of the act.

**WE REVERSE.**