Filed 3/23/26  P. v. McDonald CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085225 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF007138) |
| MARTIN GLENN MCDONALD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Law Offices of Carl K. Osborne and Carl K. Osborne, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Christopher Beesley and Caelle Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Martin Glenn McDonald was convicted of assault with a deadly weapon after a violent confrontation with his neighbor. (Pen. Code[1], § 245, subd. (a)(1).) The jury acquitted him on counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) and elder abuse (§ 368, subd. (b)(1)). On appeal, McDonald argues his conviction should be reversed, claiming it is inherently inconsistent with the decision to acquit on the other counts. Inherently inconsistent verdicts are not generally grounds for reversal. In any case, we find the verdicts were not inconsistent. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2023, McDonald assaulted his neighbor in a confrontation about the neighbor's loud music. The neighbor suffered injuries to his head and finger. The victim was 66 at the time of the offense, and McDonald was 59.

McDonald was charged with three counts: (1) assault with a deadly weapon (§ 245, subd. (a)(1)) resulting in personal infliction of great bodily injury (§ 12022.7, subd. (a)); (2) assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) resulting in personal infliction of great bodily injury (§ 12022.7, subd. (a)); and (3) elder abuse (§ 368, subd. (b)(1)) resulting in resulting in personal infliction of great bodily injury (§ 12022.7, subd. (a)).

After a trial, the jury convicted McDonald on count one and found true that he had personally inflicted great bodily injury upon the victim. The jury also determined that the attack involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty,

---

[1] Further statutory references are to the Penal Code.

2

viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)); and that the victim was particularly vulnerable (*id.*, rule 4.421, (a)(3)).  The jury acquitted McDonald on counts two and three.

The trial court suspended the imposition of sentence and placed McDonald on two years of formal probation.[2]

## DISCUSSION

McDonald's opening brief on appeal lists three "QUESTIONS PRESENTED":

> "1.  Was there evidence beyond a reasonable doubt that a weapon was used?

> "2.  Was there sufficient evidence beyond a reasonable doubt that the victim suffered great bodily injury?

> "3.  Was [*sic*] the Jury's findings of fact in conflict with their verdicts?"

However, in just a page and a half of argument in his opening brief and a (largely repetitive) single page in his reply brief, McDonald only addresses the third question.  He has not properly presented the other two questions for consideration on appeal.  (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["To the extent defendant perfunctorily asserts other claims, without development and, indeed, without a clear indication that they are intended to be discrete contentions, they are not properly made, and are rejected on that basis"].)

---

[2]    This constitutes an appealable "final judgment."  (§ 1466, subd. (b)(1) ["[A]n order granting probation . . . shall be deemed to be a final judgment within the meaning of this section"].)

Even as to the third question, McDonald's briefing on appeal is deficient, lacking citation to relevant authority or cogent argument. He cites just one case, *California v. Roy* (1996) 519 U.S. 2, which concerns the standard of review in a habeas corpus petition and is not relevant to this direct appeal. In his brief argument section, McDonald asserts, in conclusory fashion and without citation to the record, that the jury's findings are in conflict. Such inadequate presentation would justify our treating the contentions as forfeited. (See, e.g., *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) In fairness to McDonald, we nonetheless elect to reach the merits of this argument.[3]

As best we can determine, McDonald contends that the jury's verdict is internally inconsistent, and thus the conviction on count one must be reversed. "It is well settled that, as a general rule, inherently inconsistent verdicts are allowed to stand." (*People v. Lewis* (2001) 25 Cal.4th 610, 656; see also *People v. Avila* (2006) 38 Cal.4th 491, 600; *People v. Santamaria* (1994) 8 Cal.4th 903, 911; § 954 ["An acquittal of one or more counts shall not be deemed an acquittal of any other count"].) " ' "[A]ny verdict of guilty that is sufficiently certain is a valid verdict even though the jury's action in returning it was, in a legal sense, inconsistent with its action in returning another verdict of acquittal or guilt of a different offense." ' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 632.) The defendant "is given the benefit of [his] acquittal on the counts on which [he] was acquitted, and it is neither irrational nor illogical to require [him] to accept the burden of

---

[3]     In light of the significant deficiencies in the appellate briefing, we remind counsel of his professional obligation to provide competent representation and, if necessary, to associate or consult with another lawyer who possesses the necessary skill and experience. (See Rules Prof. Conduct, rule 1.1.)

4

conviction on the counts on which the jury convicted." (*United States v. Powell* (1984) 469 U.S. 57, 69.)  McDonald has thus not identified legal grounds for reversal.

In any event, we find the verdicts here are not internally inconsistent. Count one (assault with a deadly weapon, § 245, subd. (a)(1)), and count two (assault by means of force likely to produce great bodily injury, § 245, subd. (a)(4)), were alternative charges.  The jury was properly instructed it could not find McDonald guilty on both counts.  (See *People v. Aguayo* (2022) 13 Cal.5th 974, 979, 993 ["[A]ssault with a deadly weapon [(§ 245, subd. (a)(1))] and force likely assault [(*id.*, subd. (a)(4))] are 'different statements of the same offense' (§ 954)" and thus a "defendant may not be convicted of both based on the same act or course of conduct"].)

With respect to the elder abuse count, the jury was required to find that McDonald "knew or reasonably should know that [the victim] was an elder." (§ 368, subd. (b)(1).)  This is not an element of assault with a deadly weapon (§ 245, subd. (a)(1)), and McDonald provides nothing to establish this element was conclusively satisfied.  For purposes of the elder abuse statute, an elder is someone over the age of 65. (§ 368, subd. (g).)  McDonald's victim was 66 at the time of the offense.  It appears the jury could have found McDonald, who was 59 at the time of the offense, did not know or should not have known the victim over the age of 65.  We thus do not think an acquittal on this count is inconsistent with the conviction on count one.

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

RUBIN, J.

6