**Rafael MENDEZ–SOLORIO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74854.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2008.*

Filed Aug. 22, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Anthony W. Norwood, Esq., San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: SILER,** McKEOWN, and CALLAHAN Circuit Judges.

MEMORANDUM ***

Rafael Mendez–Solorio ("Mendez") petitions for review of an immigration judge's ("IJ") finding that he had reason to believe that Mendez was a drug trafficker or aided drug traffickers. We dismiss the petition for lack of jurisdiction. The parties are familiar with the facts in this case, so we do not recount them except where necessary for this disposition.

This court has jurisdiction over petitions for review that raise colorable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). Questions of law, including due process claims, are reviewed de novo. *Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005); *Colmenar v. I.N.S.,* 210 F.3d 967, 971 (9th Cir.2000). This court also lacks jurisdiction to review certain orders of removal against criminal aliens. 8 U.S.C. § 1252(a)(2)(C). "The appropriate way of measuring whether the IJ and BIA had 'reason to believe'" that a petitioner is involved in drug trafficking is to review "whether substantial evidence supports such a conclusion." *Alarcon–Serrano v. I.N.S.,* 220 F.3d 1116, 1119 (9th Cir.2000) (citation omitted).

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**I. The IJ properly found he had "reason to believe" that Mendez was or had been involved in drug trafficking.**

Title 8 U.S.C. § 1182(a)(2)(C)(i) makes inadmissible "[a]ny alien who the consular officer or the Attorney General knows or has reason to believe—(i) is or has been an illicit trafficker in any controlled substance ... or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking...." Section 1182(a)(2)(C)(i) "does not require a conviction in order for the alien to be deemed removable." *Lopez–Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004); *see also Matter of Rico*, 16 I. & N. Dec. 181, 184 (B.I.A.1977) ("A criminal conviction is unnecessary to establish a basis for exclusion under this provision.").

A. *Substantial evidence supports the IJ's conclusion that he had reason to believe that Mendez assisted in drug trafficking.*

■ In this case, the government introduced several police reports showing that Mendez was arrested for selling cocaine on several occasions. Also, the government introduced the orders and transcripts from the proceedings where Mendez pleaded guilty to possessing cocaine salt for sale. The IJ also considered Mendez's California Law Enforcement Telecommunication System ("CLETS") printouts showing Mendez received diversion after his 1990 arrest and the change in his plea from a violation of California Health & Safety Code § 11351 to a violation of California Penal Code § 32.

The IJ rejected Mendez's testimony denying any involvement with drugs as inconsistent with the documentary evidence and his own April 27, 1998, plea colloquy. Based on the various police reports, the judgment and sentence, and the various charging documents, the IJ concluded that he had "a reason to believe" that Mendez has been or is a drug trafficker.

Documentary reports such as police reports may be used as "reasonable, substantial, and probative evidence for an immigration official to have 'reason to believe' that [an alien] knowingly participated in illicit drug trafficking." *Lopez–Molina*, 368 F.3d at 1211. The BIA and the IJ are allowed to disbelieve an alien's testimony claiming lack of knowledge if their interpretation of the evidence is "within reason on these facts and circumstances." *Alarcon–Serrano*, 220 F.3d at 1120. Therefore, the IJ's conclusion was properly supported by substantial evidence.

B. *Mendez's change of plea has no effect on the IJ's analysis.*

■ The fact that Mendez changed his guilty plea offense from a violation of California Health & Safety Code § 11351 to a violation of California Penal Code § 32 does not have any effect on the IJ's legal findings. "[I]n California one who is an accessory to a felony thereby commits a crime which is separate and distinct from the felony itself." *People v. Mitten*, 37 Cal.App.3d 879, 112 Cal.Rptr. 713, 715 (1974). California codified this principle in Penal Code § 32, which defines an accessory after the fact as:

> Every person who, after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof, is an accessory to such felony.

The elements of a violation of Penal Code § 32 are: that a felony was committed, that the defendant "harbored, concealed or

aided a principal in that felony with the specific intent that the principal avoid or escape arrest, trial, conviction or punishment"; and that "defendant did so with knowledge that the principal committed the felony." *People v. Magee*, 107 Cal. App.4th 188, 131 Cal.Rptr.2d 834, 836 (2003) (quoting CALJIC No. 6.40); CAL-CRIM 440 (2006). That he pled guilty to being an accessory under Penal Code § 32 shows that the IJ had reason to believe Mendez was involved in drug trafficking.

## II. As a result, this court lacks jurisdiction to review Mendez's petition.

If the IJ's finding that he or she has "reason to believe" that the petitioner is a drug trafficker is supported by substantial evidence, then Mendez is "an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C.] section 1182(a)(2)," and this court lacks jurisdiction to review the removal order under 8 U.S.C. § 1252(a)(2)(C). *Lopez–Molina*, 368 F.3d at 1211; *see also Alarcon–Serrano*, 220 F.3d at 1119–20 (dismissing petition as unreviewable once substantial evidence supported the finding that petitioner was involved in drug trafficking). Although this court has jurisdiction to determine whether the BIA or the IJ properly entered the findings that deprive it of jurisdiction, it loses jurisdiction over the petition once it determines that Mendez is "an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C); *see Lopez–Molina*, 368 F.3d at 1209. Having determined that substantial evidence supports the IJ's finding that there is reason to believe that Mendez is or has been a drug trafficker, we lack jurisdiction to consider Mendez's petition, and the petition should be dismissed.

### CONCLUSION

Substantial evidence supports the IJ's conclusion that he had reason to believe that Mendez was or had been a drug trafficker. As a result, we lack jurisdiction to review Mendez's petition.

**DISMISSED.**