Filed 3/25/16  P. v. Thao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078688 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042006) |
| v. | |
| PAUL HUE THAO, | |
| Defendant and Appellant. | |

Convicted of being an accessory after the fact, following a gang-related shooting, defendant Paul Hue Thao contends on appeal there was insufficient evidence to support his conviction because the false statements he made about the shooting to police were to protect himself, not to aid others.  He further contends the trial court erred in not instructing the jury on the elements of the underlying felony or felonies to which he was an alleged accessory and in not instructing the jurors that they had to unanimously agree on which of two perpetrators he aided.

1

We conclude the evidence was sufficient to support defendant's conviction, any error in not instructing the jury on the elements of the underlying felony or felonies was harmless beyond a reasonable doubt, and the jurors *were* instructed that they had to unanimously agree on which of two perpetrators defendant aided. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2014, gunfire was exchanged between the occupants of a red Honda Civic and the occupants of a white Toyota Tacoma pickup on a street in Chico. Eventually, the Honda collided with the Tacoma, which flipped on its side. The occupants of the Honda started walking toward a nearby K-Mart store. A responding police officer saw five men walking through the parking lot. The men picked up their pace as the officer approached. When the officer ordered them to stop and get on the ground, two of them did, but the other three entered the store. One of the two who obeyed the officer's directive was Boy Bird Yang.

Another responding officer eventually stopped three men he saw leaving the store through the garden center doors. One of these three was Zeng Her and one was defendant.

Police found six spent shell casings inside the Honda. An employee at the K-Mart store found a handgun on a shelf just inside the front entrance of the store, hidden underneath some clothing. The ammunition found in the gun was the same as the shell casings found in the Honda.

In the late evening or early morning hours following the incident, defendant, who was in custody, told Chico Police Detective Joel Schmid that he had been seated in the rear passenger seat of the Honda. Defendant told the detective he heard shots from a distance but did not hear any close shots, did not see any firearms inside the Honda, and was not aware of anyone shooting from inside the Honda. He also told the detective he did not know how the Honda hit the Tacoma.

2

Defendant was charged with being an accessory after the fact to the crime of assault with a deadly weapon, with a street terrorism sentence enhancement.[1]  At trial, two witnesses testified that Zeng Her was convicted of being the shooter in the Honda and Boy Bird Yang was convicted of being the driver of the Honda, and the abstracts of judgment showing their felony convictions of, respectively, assault with a deadly weapon and assault with force likely to produce great bodily injury were admitted in evidence. The prosecutor's theory at defendant's trial was that defendant aided Zeng Her and/or Boy Bird Yang by lying to the police when he said no shots were fired from inside the Honda and he had no idea how the collision occurred.

The jury found defendant guilty of the accessory charge and found the sentencing enhancement allegation true.  The trial court suspended imposition of sentence and placed defendant on five years' probation with 180 days in jail.  Defendant timely appealed.

DISCUSSION

I

*Sufficiency Of The Evidence*

Defendant contends the evidence was insufficient to support his conviction of being an accessory after the fact because he did not make false statements about the shooting to the police to protect others, but rather to avoid admitting his own guilt.  We are not persuaded.

A person is guilty of being an accessory to a felony after the fact if, "after a felony has been committed, [he] harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or punishment,

---

[1]     Defendant was also charged with dissuading a witness from reporting a crime but was acquitted of that charge.  Consequently, we have omitted any discussion of the facts related to that charge.

3

having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof." (Pen. Code, § 32.)

Here, defendant does not dispute that he aided the principal in the shooting (Zeng Her) after the fact by making false statements about the shooting to the police. His sole contention is that he did not make those false statements with the intent that the principal might avoid trial, conviction, or punishment. Instead, he claims that "[b]ecause the statements in question were self-serving denials by a suspect in police custody clearly intended to avoid his own 'arrest, trial, conviction or punishment,' the evidence fails to establish a violation of section 32."

The flaw in this argument is that even if the evidence supported the inference that defendant was lying to the police to protect himself, that does not mean it did not *also* support a reasonable inference that he was lying to protect his companions as well. In other words, the two intents -- the intent to protect himself and the intent to protect his companions -- *are not mutually exclusive*. In the context of Penal Code section 654, "it is well established that a defendant may harbor 'separate and simultaneous intents' in committing two or more crimes." (*People v. Rodriguez* (2015) 235 Cal.App.4th 1000, 1007.) There is no reason not to similarly conclude that a person who has been arrested for a crime along with others and lies to the police about the circumstances of the incident can, in doing so, harbor the simultaneous intents to help himself *and* to help his companions by lying. Here, the jury could have reasonably concluded that by falsely telling the police, as defendant admits he did, "no shots were fired from within the Honda, and that he didn't see a gun," defendant intended to help both himself *and* his companions escape prosecution and/or conviction for the shooting. Thus, the evidence was sufficient to support his conviction of being an accessory to the shooting after the fact.

4

## II

*Jury Instructions*

### A

*Elements Of Felony Committed By Principal*

Defendant next contends the trial court erred in failing to instruct the jury on the elements of the underlying felony to which he was an alleged accessory after the fact. It is true no such instruction was given here, but even if the lack of such an instruction was error, the error was harmless beyond a reasonable doubt.

There is a split of authority on the question of whether the trial court has a sua sponte duty to instruct the jury on the elements of the felony to which a defendant has been charged with being an accessory after the fact. In *People v. Shields* (1990) 222 Cal.App.3d 1, Division Two of the Fourth Appellate District concluded there is no such duty. In *People v. Magee* (2003) 107 Cal.App.4th 188, the Fifth Appellate District concluded there is.

Relying on *Magee*, defendant contends the trial court here had a sua sponte duty to instruct the jury on the elements of the felony or felonies to which he was charged with being an accessory after the fact, and the failure to do so was not harmless beyond a reasonable doubt because "there were two possible felonies committed by two different persons" and "there was evidence of provocation or even self-defense."

Even if we were to agree with defendant that a sua sponte instruction on the elements of the underlying felony or felonies should have been given, we are convinced the failure to give that instruction was harmless beyond a reasonable doubt. Defendant was specifically charged with being an accessory after the fact to assault with a deadly weapon committed by Zeng Her and/or Boy Bird Yang. Two witnesses testified that Zeng Her was convicted of being the shooter in the incident and Boy Bird Yang was convicted of being the driver, and the abstracts of judgment showing their felony

5

convictions of, respectively, assault with a deadly weapon and assault with force likely to produce great bodily injury were admitted in evidence.

In *Magee*, in which the defendant was charged with being an accessory after the fact to a robbery, the appellate court found the failure to instruct the jury on the elements of robbery was harmless beyond a reasonable doubt because "the testimony establishing a robbery was uncontradicted" and "no one disputed that the robbery occurred." (*People v. Magee*, *supra*, 107 Cal.App.4th at p. 195.) The same is true here. There was uncontradicted evidence that both Zeng Her and Boy Bird Yang committed felonies as part of the underlying incident. Moreover, defense counsel did not insist that the court instruct the jury on the elements of the underlying felony or felonies and even offered to stipulate that "a felony was committed." On this record, any error in failing to instruct the jury on the elements of the underlying felony or felonies was harmless beyond a reasonable doubt.

B

*Unanimity*

Defendant contends the trial court erred by failing to instruct the jurors that they had to agree as to which person defendant aided (Zeng Her or Boy Bird Yang). We disagree.

The trial court instructed the jury on the elements of being an accessory after the fact as follows: "The defendant is charged in Count 2 of being an Accessory to a Felony in violation of Penal Code Section 32. To prove that the defendant is guilty of this crime the People must prove that, one, another person, whom I will call the perpetrator committed a felony; two, the defendant knew that the perpetrator had committed a felony or that the perpetrator had been charged with or convicted of a felony; three, after the felony had been committed, the defendant either harbored, concealed or aided the perpetrator; and, four, when the defendant acted, he intended that the perpetrator avoid or escape arrest, trial or conviction or punishment." Later, the trial court gave the following

6

unanimity instruction: "The defendant is charged with Accessory After the Fact in Count 2. The People have presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty, unless you all agree that the People have proved that the defendant committed at least one of these acts, and you all agree on which act he committed."

Defendant acknowledges the unanimity instruction the court gave but contends it did not tell the jurors they had to agree on who he aided. Not so. The unanimity instruction told the jurors they had to agree on the act defendant committed and the instruction on the crime told them they had to find that defendant "either harbored, concealed or aided the perpetrator." As the People point out, "[a]s a result, the accessory instruction defined the act by reference to the perpetrator who was aided. Agreeing on the act, therefore, required agreement on the perpetrator." Defendant does not contend otherwise. Thus, when read in conjunction with the instruction on the elements of the crime, the unanimity instruction did require the jurors to agree on which perpetrator defendant aided.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Butz, J.

/s/
Renner, J.

7