OPINION
SCHROEDER, Circuit Judge:
In 1987, two people entered a fast food restaurant, and one of them shot and killed the owner, Lewis Lim. A jury found that petitioner Ronald Taylor was the shooter, and convicted him of felony murder predicated on attempted robbery. The state trial court sentenced Taylor to life without the possibility of parole on the basis of the jury’s finding that he was the shooter. In 1996, Taylor told the State that although he had been at the restaurant on the day of the crime, his cousin, Hugh Hayes Jr., was actually the shooter. The State believed Taylor and sought to have him re-sentenced as an aider and abettor. The state trial court resentenced Taylor as an *844 aider and abettor to a term of imprisonment with the possibility of parole.
Taylor objected to resentencing, contending that the jury had not found him guilty of aiding and abetting the robbery, and that he was entitled to a new trial. The state courts did not resolve Taylor’s claim for procedural reasons, so he petitioned the federal court for a writ of habeas corpus, arguing that the State may not continue to hold him in prison on the theory that he aided and abetted a robbery, when the jury did not find the facts necessary to convict him of aiding and abetting. We agree. The State may not imprison Taylor for a criminal role the jury considered and expressly found he did not play.
BACKGROUND
On November 19, 1987, two men drove into the parking lot of Pioneer Chicken in Sunland, California. The taller of the two men entered the restaurant and requested the restroom key from Rajinder Kaur, an employee working behind the counter. Kaur gave him the key, and he left the restaurant to use the restroom, which had an outside entry, while the shorter of the two men was sitting on the hood of the car. The taller man then reentered the restaurant, walked behind the counter, and while he gave Kaur the key with his left hand, he pulled a gun from his pocket with his right hand. The shorter man had by that time entered the restaurant and was sitting in the dining area.
The owner of the restaurant, Lewis Lim, then came out of the kitchen. While the gunman was distracted by Lim, Kaur went through the kitchen door to summon help. Kaur testified she heard a punch and a gunshot. Lim was later found dead, having been shot in the back of the head. As Kaur 'was trying to leave, the shorter man hit her on the back and threw her to the ground. The two men fled in the car in which they had arrived.
Police later found the car abandoned in a parking lot. It had been wiped down with brake fluid, but police discovered the palm print of petitioner Ronald Taylor on the driver’s side rear window. When Taylor was arrested, he did not tell police the identity of his companion.
In March 1988, the Los Angeles County district attorney filed a three-count information against Taylor. Count 1 charged that Taylor murdered Lim, in violation of California Penal Code § 187(a). Count 1 specially alleged that Taylor committed the murder while in the commission of a robbery, a “special circumstance” under Penal Code § 190.2(a)(17) that was punishable by death or life without parole. Count 1 also specially alleged that Taylor personally used a firearm during the offense under Penal Code §§ 1203.06(a)(1) and 12022.5, and that a principal was armed with a firearm during the offense under Penal Code § 12022(a). Counts 2 and 3 alleged that Taylor committed attempted robbery and grand theft auto.
At Taylor’s trial, the prosecutor sought a conviction under a theory of felony murder, because Lim was killed during an attempted robbery. The prosecutor argued that the man who shot Lim was guilty of attempted robbery as a principal, and that the second man was guilty of attempted robbery as an aider and abettor. The trial court instructed the jury on both felony murder and aiding and abetting liability.
There was a dispute at trial about whether Taylor, if he was present, was the shooter or the second man, and about whether the second man intended the robbery. The prosecutor contended that both the shooter and the second man, who was arguably acting as a lookout, knowingly participated in the robbery. The prosecu *845 tor therefore argued that the evidence showed that Taylor was the shooter, but that if the jury disagreed, the jury should find that Taylor actively participated as the lookout. Defense counsel argued that any involvement Taylor had was as the second man and that he did not know that his companion intended to rob the restaurant.
The prosecutor also sought a finding of the “special circumstance” — murder in the commission of a robbery. Under California law, the “special circumstance” can apply to an aider and abettor only if the aider and abettor has the intent to kill. CaLPenal Code § 190.2(c). The prosecutor acknowledged in closing that this was a felony murder case and that he did not prove that the lookout intended to kill Lim. The prosecutor therefore correctly told the jury that in order to find the “special circumstance,” the jury had to find that Taylor was the actual shooter.
The jury found Taylor guilty of murder, attempted robbery, and grand theft auto. The jury found true the “special circumstance” that Taylor committed the murder during the commission of a robbery, and also the allegations that Taylor personally used a firearm and that a principal was armed with a firearm. The jury therefore found that Taylor was the shooter, not the second man.
On the basis of the “special circumstance” finding, the trial court sentenced Taylor to life without the possibility of parole. CaLPenal Code § 190.2(a)(17). The California Court of Appeal affirmed Taylor’s conviction, and the California Supreme Court denied his petition for review in 1991.
In 1996, Táylor contacted the Los Angeles Police Department and reported that although he had been at the restaurant on the day of the crime, his cousin, Hugh Hayes Jr., was the one who shot Lim. The State investigated Taylor’s claim. Taylor’s brother told investigators that Hayes admitted to him shortly after the murder that he shot Lim. Hayes’s former girlfriend told investigators that she overheard Hayes talking on the phone and admitting to the shooting. Kaur, the restaurant employee working behind the counter, positively identified Hayes in a photographic lineup. Trial testimony established that it was the taller of the two men who shot Lim, and investigators discovered that Hayes is much taller than Taylor.
In January 1999, the State tried Hayes for the murder of Lim, but the jury found him not guilty. Nonetheless, both the original case detective and the officers who investigated Hayes continued to believe that Hayes, not Taylor, was the shooter. In March 1999, the district attorney wrote to the California Board of Prison Terms and requested that Taylor’s case be returned to the trial court for resentencing, given the new evidence that Taylor was not the shooter. The Board denied the request.
In 2004, Taylor, acting pro se, filed his fifth state habeas corpus petition, arguing that he was not the shooter and asking for a new trial. In May 2005, while the California Supreme Court was considering Taylor’s petition, the district attorney again wrote to the California Department of Corrections and the California Board of Prison Terms to request that they recall Taylor’s sentence. The district attorney repeated that new evidence — including the statements of Taylor’s brother and Hayes’s former girlfriend, as well as Kaur’s identification of Hayes — showed that Hayes, not Taylor, was the shooter. The California Supreme Court then instructed the California Attorney General to submit an informal response to Taylor’s *846 petition that addressed the district attorneys requests.
In its informal response, the State suggested that the California Supreme Court issue an order to show cause to the State regarding Taylor’s claim that he was not the shooter. This would allow the State to file a statement of non-opposition to Taylor’s claim. The State added, however, that even if Taylor was not the shooter, he was an aider and abettor, and urged that .he was therefore properly convicted of the underlying crime of felony murder. The State suggested that the trial court strike the “special-circumstance” and firearm-use findings and resentence Taylor as an aider and abettor. The record does not indicate that Taylor, still acting pro se, had an opportunity to respond.
In March 2006, the California Supreme Court issued an order requiring the State to show cause why Taylor was “not factually innocent of the special circumstance and the firearm-use allegation, and why he should not be resentenced.” In its response filed in the trial court, the State conceded that Taylor was actually innocent of the “special-circumstance” and firearm-use findings. The State again argued, however, that Taylor was properly convicted of felony murder because the jury could have found that, as the second man, he aided and abetted the attempted robbery. The State urged that the trial court strike the special findings and resentence Taylor as an aider and abettor.
Taylor, still acting pro se, filed a “Motion to Stop All Sentencing,” arguing that the trial court could not resentence him as an aider and abettor because the jury never found that he was an aider and abettor. The trial court, however, refused to consider Taylor’s argument on the ground that it could not consider matters outside the scope of the California Supreme Court’s order. The court resentenced Taylor as an aider and abettor to twenty-five years to life.
Taylor obtained counsel and appealed. The California Court of Appeal affirmed the trial court’s decision. It held that the court correctly declined to address Taylor’s claim that he was improperly resentenced for a crime no jury had found he committed, because the Supreme Court’s order referred to resentencing. Under California law, the trial court must limit its inquiry upon remand from the Supreme Court to the matters identified in the remand order. See, e.g., People v. Lewis, 33 Cal.4th 214, 14 Cal.Rptr.3d 566, 91 P.3d 928, 936 (2004); People v. Bloyd, 43 Cal.3d 333, 233 Cal.Rptr. 368, 729 P.2d 802, 820 (1987). The appellate court did not “express any view on the merits” of Taylor’s claim. The California Supreme Court denied Taylor’s petition for review. Taylor then petitioned the California Supreme Court for a writ of habeas corpus, again arguing that he could not be resentenced as an aider and abettor because the jury never found that he was an aider and abettor. The Court denied the petition.
Taylor then turned to federal district court and urged the same ground in a petition for relief under 28 U.S.C. § 2254. The magistrate judge applied the Antiterrorism and Effective Death Penalty Act' (“AEDPA”), 28 U.S.C. § 2254(d)(1), and concluded that the state court’s resentencing was a decision entitled to deference, and that it was not unreasonable. The district court adopted the magistrate judge’s decision and denied a certificate of appealability. This court issued a certificate of appealability on.the following issue: “whether resentencing appellant as an aider and abettor violated appellant’s due process and jury trial rights.”
DISCUSSION
We review the district court’s denial of Taylor’s habeas petition de novo. *847 Gonzalez v. Knowles, 515 F.3d 1006, 1011 (9th Cir.2008). The district court said that the state court’s rejection of Taylor’s claim was reasonable under AEDPA. It treated the resentencing as if it were the product of a reasoned decision on Taylor’s due process claim. As the State acknowledges on appeal, however, the district court erred in applying AEDPA’s deferential standard of review. The California courts never addressed Taylor’s claim that he was denied due process when he was resentenced for an offense no jury found he committed. See 28 U.S.C. § 2254(d) (AEDPA’s standard of review applies to claims “adjudicated on the merits in State court proceedings”). Because there is no state court decision on the merits, we review Taylor’s claim de novo.
It is undisputed that the jury found Taylor shot Lim, but Taylor was resentenced for assisting someone else commit the robbery. Taylor argued he was entitled to a new trial and a jury finding that he was an aider and abettor before he could be sentenced as one. The state trial court agreed with Taylor that, in hindsight, the jury was incorrect and that he was not the shooter, but nonetheless re-sentenced Taylor as an aider and abettor on the basis of facts the jury did not find. •The state courts never even considered the claim that the resentencing violated his right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments.
We conclude that the right to a jury trial in this case means that Taylor had the right to have a jury decide what conduct he committed. The Sixth Amendment and the Due Process Clause “entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.” Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (alteration in original) (citation and internal quotation marks omitted); see also United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); Sullivan v. Louisiana, 508 U.S. 275, 277-78, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). This right is “one of our most vital barriers to governmental arbitrariness,” Reid v. Covert, 354 U.S. 1, 10, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957), and “fundamental to the American scheme of justice,” Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Resentencing on the basis of facts that the jury did not find, and indeed that conflicted with what the jury did find, violated Taylor’s Sixth Amendment rights.
The dissent tries to compare this case to one involving prosecutorial misconduct during trial. Since such misconduct would be reviewed for its effect on the jury under the harmless error standard, see Hayes v. Brown, 399 F.3d 972, 984 (9th Cir.2005), and the prosecutor in this case did not even commit misconduct, the dissent asks us to conclude there must be review for harmless error here too. That argument does not come to grips with the problem in this case, which is the absence of any jury verdict to support the sentencing.
The state essentially asks us to ignore what the jury found. The state contends it is sufficient that the jury was instructed on aiding and abetting, along with felony murder. Yet the jury had to choose between two mutually inconsistent roles. To convict Taylor as an aider and abettor under California law, the jury would had to have found that he specifically intended to encourage or assist someone else in robbing the restaurant. People v. Perez, 35 Cal.4th 1219, 29 Cal.Rptr.3d 423, 113 P.3d 100, 103-05 (2005) (noting a person cannot aid and abet himself). We know the jury did not make this finding because it con- *848 eluded Taylor was the person who robbed Pioneer Chicken and shot Lim.
Because we know the jury actually found that Taylor was the shooter, the State’s reliance on Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), is misplaced. In Griffin, the Court held that when the prosecutor puts multiple theories to a jury, one of which is factually unsupported, the jury may be trusted to have relied on the theory that is supported by the evidence. Id. at 56, 112 S.Ct. 466. But in this case, since the prosecutor told the jury it could not find the “special circumstance” true if it found that Taylor was -an aider and abettor, we know that the jury found that Taylor was the shooter. We thus cannot assume that the jury relied on aiding and abetting, because the jury’s findings reveal it did not.
The actual identity of the shooter was not known to the prosecutor during trial. The State’s evidence was properly presented to the jury. There was no trial error that could be subject to harmless error analysis. Neither the Petitioner nor the State has suggested that there was. Harmless error analysis is often utilized where an omission or misinstruction on the law may not have affected the jury verdict. See, e.g., Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); California v. Roy, 519 U.S. 2, 5-6, 117 S.Ct. 337, 136 L.Ed.2d 266 (1996); see also Arizona v. Fulminante, 499 U.S. 279, 307-08, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (“The common thread connecting these cases is that each involved ‘trial error’ — error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless.... ”); Hedgpeth v. Pulido, 555 U.S. 57, 60-62, 129 S.Ct. 530, 172 L.Ed.2d 388 (2008) (holding harmless error analysis appropriate where the jury was instructed on multiple theories of guilt that would have supported conviction, and one theory which was legally invalid under California law).
The prosecutor in this case presented alternative theories of guilt, each of which was legally valid: that Taylor was the shooter, or that Taylor was an aider and abettor. In this case, unlike Hedgpeth, we know which theory the jury relied on. Because the prosecutor sought a penalty that could be imposed only if Taylor were the shooter, the jury was asked to find he was the shooter, and the trial record fully supports that finding. We now have extrinsic evidence that Taylor was not the shooter, but no jury has ever heard it. Taylor’s resentencing on the basis of such evidence violated the Sixth Amendment and due process.
The dissent agrees that Taylor should not have been resentenced on the basis of conduct the jury found he did not commit. The dissent says we should remand to the district court to review the trial record for harmless error. Yet no error can be found in the trial record. The error was in the resentencing. Resentencing Taylor for a criminal role on which the jury was instructed, but did not find, violates his Sixth Amendment right to be tried and convicted by a jury. And it does so in a way that is not amenable to harmless error analysis. Taylor is entitled to a new trial.
CONCLUSION
The judgment of the district court is REVERSED and the case REMANDED with instructions to grant the writ.