**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| RAYMOND GENE PHENIX, | No. 13-16794 | |
| Petitioner - Appellant, | D.C. No. 2:03-cv-00485-MMD-NJK | |
| v. | | |
| JAMES SCHOMIG; and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] | |
| Respondents - Appellees. | | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted January 13, 2015[**]

Before:  LEAVY, GRABER, and OWENS, Circuit Judges.

Petitioner Raymond Phenix appeals the district court's order denying his application for habeas relief.  Reviewing de novo, Taylor v. Cate, 772 F.3d 842, 846–47 (9th Cir. 2014), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

The district court correctly concluded that the Nevada Supreme Court's decision rejecting Petitioner's claim for prosecutorial misconduct was reasonable. See 28 U.S.C. § 2254(d)(1) (permitting relief only where the state-court proceedings resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law); Harrington v. Richter, 562 U.S. 86, 98 (2011). In his opening statement, defense counsel opened the door for opposing counsel to admit the challenged evidence. See Bowoto v. Chevron Corp., 621 F.3d 1116, 1130 (9th Cir. 2010) (noting that a party who raises a subject in an opening statement "'opens the door'" to admission of evidence on that same subject by the opposing party (quoting United States v. Chavez, 229 F.3d 946, 952 (10th Cir. 2000))). In any event, Petitioner does not establish how any error, if one occurred, had a "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993) (internal quotation marks omitted), particularly in light of the other admissible evidence on the same subject.

We decline to grant a certificate of appealability ("COA") with respect to any additional issues. See 28 U.S.C. § 2253(c)(2) (stating the standard for issuance of a COA).

**AFFIRMED.**

2