Filed 11/16/15  P. v. Torres CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078058 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F05656) |
| v. | |
| JAIME TORRES, | |
| Defendant and Appellant. | |

Defendant Jaime Torres was charged (along with Sergio Torres, Jose Gonzalez, and several others) with murdering Jose Guerrero in May 2008.  A jury found defendant guilty of first degree murder and found true gang and firearm enhancement allegations. The trial court sentenced defendant to 50 years to life in state prison.

Defendant filed his first appeal contending, among other things, that the jury instructions were erroneous because they did not allow the jury to consider whether he might have been guilty of only second degree murder under the natural and probable

1

consequence doctrine. (*People v. Torres* (Feb. 18, 2014, C069510) [nonpub. opn.] at pp. 1-2.)

This court agreed that the jury instructions were erroneous and, consistent with prior decisions on the issue (including *People v. Woods* (1992) 8 Cal.App.4th 1570 and *People v. Chiu* (2014) 59 Cal.4th 155), we reversed defendant's conviction and remanded for retrial or for the People to accept reduction of the conviction to second degree murder.[1] (*People v. Torres*, *supra*, at pp. 9, 35-36.)

The People elected not to seek retrial and instead accepted reduction of defendant's conviction to second degree murder. The trial court accepted the remittitur as a modification of the judgment to reflect a conviction for second degree murder, and resentenced defendant to 40 years to life in state prison (15 years to life for second degree murder, plus a consecutive term of 25 years to life for the firearm enhancement, and no sentence for the gang enhancement).

In response to defendant's motion to recall the sentence for lack of written notice, the trial court held a subsequent hearing where it again resentenced defendant to 40 years to life in state prison.

Defendant filed his second appeal, challenging the trial court's resentencing and claiming the appropriate remedy on remand is a new trial on the murder charge in order to avoid a violation of his Sixth and Fourteenth Amendment rights to a jury trial and due process. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We dispense with a detailed recitation of the facts, as they are unnecessary to our resolution of this appeal. As set forth in our earlier unpublished opinion, the facts and procedural history are summarized as follows:

---

[1] Although not at issue in this appeal, we also remanded for new restitution hearings. (*People v. Torres*, *supra*, at p. 36.)

2

In May 2008 Guerrero and his family, which included his wife, Celica, and two stepsons who were Sureño gang members, were living at a house on Lindley Drive. (*People v. Torres*, *supra*, at p. 3.)

On Memorial Day, Guerrero was with some other family members in the garage and driveway area of his house when a group of young men walked up, including defendant, a Norteño gang member, who was wearing a red bandana across his face. Also in the group was defendant's brother, Jose, also a Norteño gang member. Defendant challenged Guerrero's stepsons to come out and fight. Guerrero said he was going to call the police and pulled out his cell phone. A physical struggle between defendant and Guerrero ensued. At some point, defendant pulled out a gun. According to Guerrero's stepdaughter, Veronica, Guerrero was able to grab the gun and throw it away, but he threw it in the direction of the group that defendant came with. Another witness testified that Guerrero "somehow hit the gun . . . out of [defendant's] hand, and it flew towards where the group was." Guerrero's widow testified that it was defendant who "threw [the gun] to where the others were at." (*People v. Torres*, *supra*, at p. 3.)

Another member of the group of young men picked up the gun and told Guerrero to let go of defendant. When Guerrero did not do so, the man fired a shot, hitting a nearby van. The man then stepped closer and shot Guerrero in the head. (*People v. Torres*, *supra*, at p. 3.)

The People charged seven individuals, including defendant, Jose, and Sergio, with Guerrero's murder. Sergio pled no contest to the lesser included offense of voluntary manslaughter in exchange for a middle-term sentence of six years in prison. Defendant and Jose (along with another defendant who was ultimately acquitted) went to jury trial. At trial, Jose testified that he followed the group of young men down Lindley Drive toward Guerrero's house but claimed he never got closer than "one house over." (*People v. Torres*, *supra*, at pp. 3-4.)

The prosecutor argued there was "high confidence that the gunman, the actual killer was [Jose]" and that the shooter committed first degree murder. The prosecutor further argued that to the extent they did not pull the trigger, defendant and Jose were guilty of the murder either because they aided and abetted the murder or because they committed or aided and abetted the crime of fighting or challenging to fight and the murder was a natural and probable consequence of that crime. (*People v. Torres*, *supra*, at p. 4.)

The jury found both defendant and Jose guilty of first degree murder and found true two sentence enhancement allegations (gang and firearm). The trial court denied Jose's motion to set aside the verdict against him and for a judgment of dismissal, and ordered defendant, Jose, and Sergio to pay victim restitution to Guerrero's widow. (*People v. Torres*, *supra*, at p. 4.)

DISCUSSION

The California Supreme Court, in *Chiu*, held that "punishment for second degree murder is commensurate with a defendant's culpability for aiding and abetting a target crime that would naturally, probably, and foreseeably result in a murder under the natural and probable consequences doctrine." (*People v. Chiu*, *supra*, 59 Cal.4th at p. 166.) The court further held that, "where the direct perpetrator is guilty of first degree premeditated murder, the legitimate public policy considerations of deterrence and culpability would not be served by allowing a defendant to be convicted of that greater offense under the natural and probable consequences doctrine," and thus "a defendant cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine." (*Id.* at pp. 166, 167.)

In determining whether it was harmless error to instruct the jury to so convict the defendant, the *Chiu* court observed as follows: "When a trial court instructs a jury on two theories of guilt, one of which was legally correct and one legally incorrect, reversal is required unless there is a basis in the record to find that the verdict was based on a

4

valid ground. [Citations.] Defendant's first degree murder conviction must be reversed unless we conclude beyond a reasonable doubt that the jury based its verdict on the legally valid theory that defendant directly aided and abetted the premeditated murder. [Citation.]" (*People v. Chiu, supra*, 59 Cal. 4th at p. 167.) Based in large part on the jury's deadlock over whether the defendant should be found guilty of first or second degree murder, the court determined it could not "conclude beyond a reasonable doubt that the jury ultimately based its first degree murder verdict on a different theory, i.e., the legally valid theory that defendant directly aided and abetted the murder," and affirmed this court's remedy of reversing the first degree murder conviction and "allowing the People to accept a reduction of the conviction to second degree murder or to retry the greater offense." (*Id.* at p. 168.)

Defendant agrees that, after reversing his first degree murder conviction in light of our Supreme Court's decision in *Chiu*, this court was bound to apply the remedy applied in *Chiu*, that is, remand the matter to allow the district attorney to elect between retrying the case or accepting entry of a conviction for second degree murder. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Notwithstanding *stare decisis* and the district attorney's election to accept reduction of his conviction to second degree murder, however, defendant contends the appropriate remedy is a new trial on the murder charge lest he suffer violations of his Sixth and Fourteenth Amendment rights to a jury trial and due process. He cites *Taylor v. Cate* (9th Cir. 2015) 772 F.3d 842 as the sole support for his contention.

Regardless of what the Ninth Circuit does, as defendant concedes, we are bound to follow *Chiu*. (*Auto Equity Sales, Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 455.) Accordingly, we reject defendant's claim.

5

## DISPOSITION

The judgment is affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Nicholson, Acting P. J.

/s/_____
Duarte, J.